T.C. Summary Opinion 2004-38

UNITED STATES TAX COURT

MATTHEW D. GILMORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15518-03S.          Filed March 25, 2004.

Matthew D. Gilmore, pro se.

<u>Albert G. Kobylarz, Jr.</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463[1] of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,088 for the taxable year 2002. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for Ileane Gilmore[2] and Janiah Gilmore, (2) whether petitioner is entitled to head-of-household filing status, (3) whether petitioner is entitled to an earned income credit, and (4) whether petitioner is entitled to child tax credits.

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioner resided in Elizabeth, New Jersey.

During the year in issue, petitioner was 19 years old. Petitioner lived in a three-bedroom apartment with his mother Chanel Gilmore, and three siblings, Chantel, Sonora, and Tim. Chantel had two children, Ileane (born August 23, 1998) and Janiah (born February 9, 2002), who also lived in the household.

During 2002 petitioner worked for Friendly's and Ruby Tuesday and earned a total of approximately $9,359. Petitioner also received unemployment compensation from the New Jersey

---

[2] We note that the tax return listed the child as Ileane Gilmore, but the child's birth certificate listed her as Ileane Celine Robbins and that Chantel Gilmore is reflected as the mother.

Department of Labor in the amount of $1,694. Petitioner's mother worked full time during the year in issue and received minimum wage from a local hotel. Chantel did not work during the year in issue, however she did receive some public assistance.

The record is incomplete as to the expenses incurred and paid by the household. The expenses for support of the household were shared between petitioner's mother, petitioner, and Chantel. The amount of the expenses relating to support of Ileane and Janiah is unclear as is the allocation of support of the household between petitioner's mother, petitioner, and Chantel. Petitioner did, however, treat Ileane and Janiah as his own children in providing some support and caretaking.

On his 2002 Federal income tax return petitioner reported wage income of $9,359 and unemployment compensation of $1,694. Petitioner claimed dependency exemption deductions for Ileane and Janiah, an earned income credit, and child tax credits, and computed his tax using head-of-household status rates. In the notice of deficiency, respondent disallowed the claimed dependency exemption deductions, the earned income and child tax credits, and adjusted the filing status to single.

Discussion

The burden of proof is on petitioner. Section 7491 may shift the burden of proof to the Commissioner under certain circumstances. Petitioner has not established that he complied

with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests. Accordingly, the burden does not shift.

1. Dependency Exemption Deductions

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents, over half of whose support is provided by the taxpayer. Secs. 151(c)(1), 152(a). A dependent includes a son or daughter of a sister of the taxpayer. Sec. 152(a)(6).

As to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a). In order to satisfy this test, a taxpayer must establish the total support expended on behalf of the claimed dependents from all sources for the year and demonstrate that he provided more than half of this amount. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

There is an absence of evidence relating to the total amount of support as well as petitioner's share of support. While there is some general information as to purchase of groceries, payment of rent, and payments of other household expenses by petitioner, we cannot conclude from this meager record the amount of the

total support provided to Ileane and Janiah nor the amount of support provided by petitioner. Respondent is sustained on this issue.

2. Head of Household

Section 1(b) imposes a special tax rate on individuals filing as head of household. As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his home a household that for more than one-half of the taxable year constitutes the principal place of abode of a person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for that dependent under section 151.

The Court has sustained respondent's determination disallowing the claimed dependency exemption deductions, and, as a result, petitioner is not entitled to head-of-household filing status for 2002. Thus, respondent's determination that petitioner is not entitled to head-of-household filing status is sustained.

3. Earned Income Credit

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A)(i), in pertinent part, defines an "eligible individual" as any

individual who has a qualifying child for the taxable year.[3]  A qualifying child is one who satisfies a relationship test, a residency test, and an age test.  Sec. 32(c)(3).  Ileane and Janiah clearly satisfy the residency test and the age test.  We thus consider whether they satisfy the relationship test.[4]  For the tax year in issue, the relationship test under section 32(c)(3) required as follows:

> (B).  Relationship test.--
>
>> (i) In general.--An individual bears a relationship to the taxpayer described in this subparagraph if such individual is--
>>
>>> (I) a son, daughter, stepson, or stepdaughter, or a descendant of any such individual,
>>>
>>> (II) a brother, sister, stepbrother, or stepsister, or a  descendant of any such individual, who the taxpayer cares for as the taxpayer's own child, or

It is clear that Ileane and Janiah are petitioner's nieces, the descendants of his sister.  The remaining part of the relationship test under section 32(c)(3)(B)(i)(II) is that the

---

[3]  Sec. 32(c)(1)(C) sets forth the conditions when an individual shall be treated as the qualifying child of the taxpayer where two or more taxpayers claim an individual as a qualifying child.  Respondent has not argued that Ileane or Janiah was a qualifying child to someone other than petitioner, nor is there any evidence in this record upon which the Court could make such a finding.

[4]  Respondent incorrectly referred to sec. 32(c) as in effect for years prior to 2002, asserting that petitioner did not satisfy the relationship test.

taxpayer cares for the individual as his own child.  Thus, we must also decide whether petitioner cared for Ileane and Janiah as his own children.  In this connection, Ileane and Janiah lived with petitioner for the entire year, and petitioner assisted in support and caretaking of the children.  Petitioner, even at the young age of 19, was the oldest male in the household and contributed to the household.  While the children's grandmother worked, it is not entirely clear the extent to which parenting responsibilities were shared by members of the household.  We conclude, based on the entire record, that petitioner cared for his nieces as his own children, and thus, the children are qualifying children for purposes of computation of the earned income credit under section 32.  We find for petitioner on this issue.

   4.  Child Tax Credits

We next consider the child tax credits.  A taxpayer may be entitled to a credit against tax with respect to each "qualifying child".  Sec. 24(a).  The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child.  If one of the qualifications is not met, the claimed child tax credit must be disallowed.  The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151.  Sec. 24(c)(1)(A).

As stated <u>supra</u>, the Court has sustained respondent's determination that petitioner is not entitled to dependency exemption deductions for the children. Thus, petitioner fails the first prong of the test of section 24. The Court sustains respondent's determination regarding the child tax credits under section 24.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>